1

2

3

4

5

6

7

8

9

10

11

12

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY BRANSCOMB, | Case No. 1:13-cv-01201-AWI-SMS |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE |
| v. | (Doc. 1) |
| CHRISTOPHER ESTES, | |
| Defendant. | |

13

**Screening Order**

14      Plaintiff Kerry Branscomb ("Plaintiff") filed a complaint on August 3, 2013. Doc 1. The

15   named Defendant is Christopher Estes, a California Superior Court judge in Antelope Valley, Los

16   Angeles County. As explained below, the Court dismisses the complaint without prejudice.

17   **I.      Screening Standard**

18      Under 28 U.S.C. § 1915A, the Court must screen all complaints brought by prisoners seeking

19   relief against a governmental entity or officer or employee of a governmental entity. The Court must

20   dismiss the complaint or any portion of it that is "frivolous," "malicious," "fails to state a claim upon

21   which relief may be granted," or "seeks monetary relief from a defendant who is immune from such

22   relief." *Id*.

23      A complaint is frivolous "when the facts alleged rise to the level of the irrational or the

24   wholly incredible, whether or not there are judicially noticeable facts available to contradict them."

25   *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint is malicious if not pled in good faith.

26   *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint's failure to state a claim

27   is defined in Fed.R.Civ.P. 12(b)(6), in that it does not satisfy the pleading standards in Fed.R.Civ.P.

28   8. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). This screening for failure to state a claim is

1    cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may

2    choose to bring. *Teahan v. Wilhelm*, 481 F. Supp. 2d 1120 (S.D. Cal. 2007).

3    **II.      Pleading Standards**

4          Under Fed. R. Civ. P. 8(a), a pleading that states a claim for a relief must include a statement

5    demonstrating the Court's jurisdiction, "a short and plain statement of the claim showing the pleader

6    is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative

7    or different types of relief." It must give the defendant fair notice of the claims against him and state

8    their elements plainly and succinctly. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th

9    Cir. 1984); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

10
11
12
13
> The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. … [¶] [A] complaint must contain sufficient factual matter, accepted as true, to … allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

14   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

15   Although a court assumes the truth of well-pled factual allegations, legal conclusions are not entitled

16   to the same assumption of truth. *Id*.

17         If the Court determines that the complaint fails to state a cognizable claim, the Court may

18   grant leave to amend to the extent the deficiencies can be cured. *Lopez v. Smith*, 203 F.3d 1122,

19   1127-28 (9th Cir. 2000) (en banc) (the "rule favoring liberality in amendments to pleadings is

20   particularly important for the *pro se* litigant") (*quoting Noll v. Carlson*, 809 F.2d 1446, 1448 (9th

21   Cir.1987)). Only if it is "absolutely clear" that the deficiencies could not be cured by amendment

22   should the Court dismiss a *pro se* complaint with prejudice. *Noll* at 1448.

23   **III.      Factual Allegations**

24         Plaintiffs complaint reads as follows:

25
26
27
28
> Antelope Valley Court refuses to acknowledge Veterans Court P.C. 1170.9. The emphasis in Antelope Valley Court is to incarcerate without judicial justice or fairness any and all people of color. ... [T]he district attorney is allowed to stage presentations in court that disrupt the defense and allows a defendant to be mentally miss construed especially when the public defender is part of the district attorneys team, presenting the prosecutors case. ... [T]he judicial magistrate feels it is necessary not to consider any medical or [psychiatric] concerns of a defendant – especially if these concerns are

1
2
3
4

> contrary to the prosecution ... Once a defendant has presented his public defender with
> the knowledge of his medical or/and psychiatric appointments per the P.C. 1170.9 and
> they are not acknowledged in court or presented to the other members of the bar – it is
> evident that a decision has already been reached. That this law P.C. 1170.9 veterans court
> was established to ensure that honorably medical discharged veterans are given a chance
> to restore themselves to a normal and natural way of life. Per the Constitution of the
> United States.

5   Los Angeles County does have a Veterans Court. *See* http://www.courts.ca.gov/11181.htm.

6   However, California Penal Code § 1170.9 does not discuss this court. Rather, this section provides

7   the procedure for ordering certain defendants into treatment programs. It applies to defendants who

8   have been convicted of an offense, who are eligible to be sentenced to probation, and who allege that

9   they committed the offense as a result of a condition such as a mental health problem stemming from

10  military service. For such defendants, the Court must determine whether the allegation is true. The

11  statute creates no further obligation unless the judge sentences the defendant to probation. If he does,

12  the statute provides that the judge "may order" the defendant into an appropriate treatment program,

13  which the remainder of the code section discusses in greater detail.

14  **IV.**   **Analysis**

15      **Judicial Immunity**

16      The Court must dismiss any portion of a complaint that seeks monetary relief from a

17  defendant who is immune from such relief. 28 U.S.C. § 1915A(a). "Judges and those performing

18  judge-like functions are absolutely immune from damage liability for acts performed in their official

19  capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).

20      Here, the complaint fails to request any relief at all, and for this reason alone must be

21  dismissed. Furthermore, insofar as Plaintiff seeks damages from a judge for his performance of a

22  judicial function, his claims are barred by immunity and must be dismissed.

23      **Failure to State a Claim**

24      Plaintiff does not say whether he was eligible for probation, but he does claim that he

25  informed his defense attorney that he had a condition described in P.C. 1170.9. According to the

26  complaint, this was "not acknowledged in court or presented to the other members of the bar." The

27  complaint contains few other concrete facts, but goes on to allege generally that "the public defender

28  is part of the district attorneys team" and that the "judicial magistrate feels it is necessary not to

1   consider any medical or [psychiatric] concerns of a defendant – especially if these concerns are

2   contrary to the prosecution."

3         Plaintiff is suing Judge Estes, yet any lapse that he alleges is by his defense attorney, who

4   failed to present information that Plaintiff wanted him to present. Plaintiff does not allege any action

5   or inaction by Judge Estes, let alone a violation of federal law. This is also true of the allegation that

6   the "emphasis" of the court is "to incarcerate without judicial justice or fairness any and all people of

7   color." Plaintiff does not allege any facts substantiating any of these claims. As a result, Plaintiff

8   fails to adequately state a claim, and his complaint must be dismissed.

9                    **Lack of Federal Subject Matter Jurisdiction**

10        Plaintiff asserts that this Court has jurisdiction "per the Constitution of the United States."

11   However, Plaintiff has not described how this is so. Plaintiff may not invoke 42 U.S.C. 1983 unless

12   he can identify how a defendant violated a federal law.

13        To the extent that Plaintiff objects to the representation provided by his attorney, and to the

14   extent that he objects to his resulting imprisonment, the law of habeas corpus bars this Court from

15   considering these objections—*even if* they allege violations of federal law—until Plaintiff has

16   exhausted his remedies in state court. *See* 28 U.S.C. § 2254. Once again, the Court must dismiss

17   Plaintiff's claim.

18   **V.**     **Conclusion and Order**

19        The Court will provide Plaintiff with the opportunity to file an amended complaint curing the

20   deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir.

21   1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in the

22   amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The amended complaint

23   should be brief, but, as discussed above, must allege sufficient facts to support each claim. Fed. R.

24   Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right

25   to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Plaintiff

26   should focus on identifying his legal claims and setting forth, as briefly but specifically as possible,

27   the facts linking each Defendant to the claims alleged against that defendant.

28

1    Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

2  *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be

3  "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

4    Based on the foregoing, it is HEREBY ORDERED that:

5    1.    Plaintiff's complaint is dismissed with leave to amend;

6    2.    Within thirty (30) days from the date of service of this order, Plaintiff shall file an

7  amended complaint curing the deficiencies identified by the Court in this order; and

8    3.    If Plaintiff fails to file an amended complaint within thirty (30) days from the date of

9  service of this order, this action will be dismissed with prejudice for failure to state a claim.

10

11  IT IS SO ORDERED.

12  Dated:   **August 14, 2013**              **/s/ Sandra M. Snyder**
                                            UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28